MAXEY & SON
*vs*
FORE.

---

## Maxey & Son *vs* Fore.

### ERROR TO THE JEFFERSON CIRCUIT.

*Assignor and assignee.    Evidence.    Consideration.*

JUDGE MARSHALL delivered the opinion of the Court.

THIS is an action of *indibetatus* assumpsit, *for money had and received*, brought by Fore against Maxey & Son. The plaintiff, in order to make out his cause of action, offered in evidence and proved the note of Kleissendorff to Maxey & Son, for $665, payable on the 19th of April, 1842, with their indorsement to him ; and to prove due diligence against the obligor, offered in evidence the record of his suit against Kleissendorff, including the execution and Sheriff's return thereon : but because the execution had been amended after its return, as stated in the case of *Kleissendorff vs Fore,* just decided, the defendants objected to its introduction as evidence, and this objection having been overruled and the evidence admitted, they moved for a non-suit, which was refused. The propriety of these opinions presents the first question to be considered.

With regard to the effect of the amendment of the execution, we need only say, that for the reasons already given, in the case just decided, between the assignee and maker of the note, we are of opinion, that it did not affect the import of the record as evidence of the insolvency of Kleissendorff; and even if it did affect its import, the record was still admissible as evidence of what had been done, subject to be explained or restricted in its influence upon the question of insolvency or due diligence, by the fact that the execution had been amended, and that in its original form it varied from the judgment in the particular mentioned in the preceding case, and

ASSUMPSIT.

Case 129.

*May 25.*

The case stated.

pointed out by the record, which was offered in evidence, and known to the defendants, as is proved by their objection.

The record admitted in evidence, shows that the suit against Kleissendorff had been commenced in due time, and prosecuted from its commencement down to the return of "no property" on the execution, with due diligence; and it constituted sufficient *prima facie* evidence at least of the insolvency of Kleissendorff. There was no error, therefore, either in admitting the evidence or in refusing to non-suit the plaintiff.

Upon the refusal of the non-suit, the defendants introduced Kleissendorff as a witness, and the plaintiff's objection to his competency having been overruled, to which the plaintiff excepted, the witness proved that the only consideration of the indorsement of the note by the defendants was a disposition to accommodate him; that he had purchased cattle from the plaintiff, and agreed to give the defendants as his indorsers of the note to be executed for the price, which was done accordingly. Whereupon, the Court, to whom the facts as well as the law had been submitted, rendered judgment for the plaintiff for the amount due on the note.

Upon this state of the case, two questions arise. 1.
Was the maker of the note a competent witness? And 2.
If he was, was the count for money had and received, sustained by the evidence? The maker of the note being equally bound to the assignee and assignor, we do not perceive that he is interested in the event of this suit between them, and especially upon a matter affecting merely the consideration of the assignment, or the form of the action, (1 *Littell*, 286;) the Court, therefore, properly overruled the objection to his competency. But we are of opinion, that upon the evidence, the count for money had and received cannot be sustained.

*Between assignor and assignee the maker of a note is a competent witness, especially to prove the consideration of the assignment.*

It is true that an assignment itself is now considered as furnishing presumptive evidence that the amount of the note was paid by the assignee to the assignor; and upon that presumption, if not disproved, the assignee may recover, in assumpsit, for money had and received, on proving the insolvency of the maker, by the use of due dili-

*Tho' an assignment of a note affords prima facie evidence that the full amount was paid for it—yet this presumption may be contra-*

gence : but this presumption is liable to be rebutted by other evidence, showing that the consideration for the assignment consisted of property or other thing, which cannot be regarded as money.  It is also true, that the action for money had and received, has been sustained in some cases where money has not been actually received by the defendant : but these are cases in which the defendant is estopped to deny that he has received money—as when a Sheriff returns on an execution that he had made the money, or that it is satisfied, when he has in fact taken a horse or other property for his own use ; or in which the thing recovered is in the nature of money, equivalent to it, and received as money ; or in which the defendant, being under obligation to pay money to the plaintiff, that obligation is cancelled and the evidence of it surrendered, by the terms of a sale or other transaction, which is afterwards rescinded.  In this case it appears not only that no money passed from the assignee to the assignor, as the consideretion of the assignment, but that nothing else so passed ; and that the consideration of the assignment consisted in the fact, that the assignee parted with his property to the maker of the note, on the faith of the name and credit of Maxey & Son, as indorsers or assignors of the note for the accommodation of the maker.  This consideration was undoubtedly sufficient to make them liable to the full extent of the agreed price of the cattle, as evidenced by the note, if upon due prosecution of the remedy against the maker, the amount could not be made out of him ; and the law implies a promise corresponding with this liability.  There is no room for implying that they received money or money's worth from the assignee.  They received nothing from him ; neither have they received any thing, property or money, for him ; nor were they under any obligation to receive or collect any thing for him ; nor have they derived any advantage whatever from the transaction.  They are, it is true, bound upon the facts appearing, to make good to the assignee] the price of the cattle sold by him to the maker of the note : but we perceive no principle which precludes them from contesting the particular form of remedy by which that liability is attempt-

MAXEY & SON
vs
FORE.

dicted by proof of the real consideration given; and if money be not in fact paid, or other thing paid and received as money, no recovery can be had on a count for *money had and received.*

BOWLINGGREEN
vs
HOBSON.
ed to be enforced, or from denying the particular ground on which it may be attempted to be placed, or from contesting the consideration as alledged in the declaration.

Wherefore, the judgment is reversed, and the cause is remanded for a new trial, preparatory to which the plaintiff may amend his declaration, with the leave of the Court, if he chooses to do so.

*Duncan & Ripley* for plaintiffs : *Ballard* for defendant.